U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

WILLIAM HENRY HARRISON   )
(Reg. No. 07725-078),    )
                         )   Civil Action No. 07-1543 (PLF)
        Plaintiff,       )
                         )
    v.                   )                    LET THIS BE FILED
                         )
FEDERAL BUREAU OF PRISONS,)
                         )                    DATE:
        Defendant.       )

AMENDED VERIFIED COMPLAINT AS OF
RIGHT, RULE 15(a) FED.R.CIV.P.

NOW COMES WILLIAM HENRY HARRISON (hereafter "Harrison"), Plaintiff, Pro Se, who hereby amends his previously filed Freedom of Information Act Complaint, under Rule 15(a) of Fed.R.Civ.P., to include other Freedom of Information Act (FOIA) requests to the Federal Bureau of Prison (BOP) that were either denied, after appeal, or inadequately responded to, or never responded to, and documents were arbitrarily and unlawfully withheld, and will so amend as follows:

1. Harrison hereby incorporates by reference into this amended pleading everything previously pleaded in the original Verified Complaint and make them a part hereof in their entirety.

FOIA Request No. 06-05485; Appeal No. 06-2402:

2. On April 7, 2006, Harrison made a FOIA request to the BOP for any and all documents relating to a disciplinary Incident Report (IR) # 1450349, among other information. (See exhibit "A"). When no response had been received in the appropriate time period, Harrison filed an appeal deeming his request denied. (See exhibit "B", 5/24/06).

3. Thereafter, on June 6, 2006, the BOP responded, identified nine pages as responsive but only released one page. (See exhibit "C").

4. Harrison filed an appeal, dated June 13, 2006, wherein he challenged the failure to release all of the pages identified, and also challenge the thoroughness of the search, etc. (See exhibit "D").

5. On November 16, 2006, the Department of Justice's Office of Information and Privacy forwarded their decision on the appeal, and in said decision decided to release portions of four (4) additional pages previously withheld, modified the grounds upon which the other pages were to withheld, but still did not address many of the other concerns and request items not previously responded to. (See exhibit "E"). The request/appeal is therefore ripe for judicial review and adjudication.

FOIA REQUEST NO. 2006-07827; APPEAL NO. 06-2876:

6. On May 27, 2006, Harrison made a FOIA request to the BOP for any and all documents relating to the qualifications, inter alia, of Case Manager Alderman to sit as a Diciplinary Hearing Officer (DHO) for Harrison's disciplinary hearing regarding I.R. # 1450349. (See exhibit "F"). When no response came within the time limits, Harrison appealed the failure as a deemed-denied request. (See exhibit "G").

7. On July 19, 2006, the BOP responded to the FOIA request, withheld vital information in the one page it did release, did not release any more pages, and failed to identify where and how they searched for trhe records sought. Additionally, claims of exemption and privilege were raised that were improper under the circumstances. In any event, the FOIA request was not fully nor adequately responded to. (See exhibit "H").

8. Harrison filed an appeal, dated July 29, 2006, wherein he challenged everything about the FOIA response, and pointed out in detail why and how his rights were being violated, and how the BOP was not following the law and complying with their responsibilities. (See exhibit "I"). To date, Harrison has not received any response to his appeal. The request/appeal is therefore ripe for judicial review and adjudication.

FOIA with Respect to Tort Claim:

9. On January 23, 2007, Harrison filed a Tort Claim with the BOP. (See exhibit "J"). The Tort Claim was acknowledged on February 6, 2007, (exhibit "K"), and denied on August 14, 2007 (exhibit "L"). Harrison filed a FOIA request on August 22, 2007, seeking information concerning the investigation of the claim and the findings of the investigation. (Exhibit "M"). To date the BOP has not responded. This claim, therefore, is ripe for judicial review and adjudication.

FOIA REQUEST FOR TRANSFER INFORMATION:

10. On July 19, 2007, Harrison made a FOIA request to the BOP for information concerning transfers made from the USP Canaan facility to other BOP "Low"-cloassification facilities, for certain time periods. (See exhibit "N"). When no response was received, Harrison filed an appeal on deemed-denied grounds, dated August 22, 2007. (exhibit "O"). No responses have been received. This FOIA issue is ripe for judicial review and adjudication.

11. Harrison seeks to have his claims adjudicated in full.

Everything stated herein is true to the best of my knowledge under penalties for perjury, 28 USC § 1746.

3

Dated:  October 22, 2007         Respectfully Presented,
        Waymart, PA 18472

_____
William Henry Harrison (07725-078)
USP Canaan : P.O. Box 300
Waymart, PA 18472
Plaintiff, Pro Se


## PROOF OF MAILING

I hereby certify that an original of this pleading was duly mailed to the U.S. District Court for the District of Columbia, Hon. P.L. Friedman, U.S.D.J., by giving possession to prison officials at this facility, with sufficient first-class postage affixed, this October 23, 2007, under Houston v. Lack, 487 US 266 (1988) and 28 USC § 1746.

Dated:  October 23, 2007
        Waymart, PA 18472

_____
William Henry Harrison

WILLIAM HENRY HARRISON (07725-078)
PETERSBURG FCC (LOW)
P.O. BOX 1000
PETERSBURG, VA 23804

April 7, 2006

General Counsel's Office
Federal Bureau of Prisons
FOIA/PA Section
320 First St., N.W.
Washington, D.C. 20534

Re: FOIA/PA Request
Incident Report No. 1450349

To Whom It May Concern:

This is an FOIA/PA request for the entire record with respect to Incident Report number 1450349, to include, but is not limited to, the following:

1. Any and all documents relating to the above-referenced Incident report;

2. The computer/telephone records indicating any and all calls made to SIS Tech. H. Simmons from Counselor Wheeler or his telephone extension, and vice versa, for the dates of March 29, 2006, through March 30, 2006;

3. Any and all e-mails, and/or any other form of communication between SIS Tech. H. Simmons and Counselor Wheeler for the dates March 29, 2006, through March 30, 2006;

4. The BOP records that would indicate when and why SIS Tech. H. Simmons chose to investigate and listen to Harrison's telephone conversation for March, 14, 2006, and why he chose March 30, 2006, to check and screen Harrison's telephone calls;

5. Any and all records that would indicate why SIS Tech. H. Simmons would check Harrison's financial account on March 30, 2006, including memos, etc.

Yours truly,

WILLIAM HENRY HARRISON

"A"

---

WILLIAM HENRY HARRISON (07725-078)
PETERSBURG FCC (LOW)
P.O. BOX 1000
PETERSBURG, VA 23804

May 24, 2006

Office of Information and Privacy
U.S. Department of Justice
Suite 570, Flag Bldg.
Washington, DC 20530

Re: Freedom of Information Act Request Appeal
Incident Report No. 1450349
Federal Bureau of Prisons

To Whom It May Conern:

Please accept this as an appeal of a deemed denied request for information and documentation pursuant to the Freedom of Information Privacy Act request made to the B.O.P.

Attached please find copies of the actual request letters that, to this date, have not even been acknowledged as received much less responded to. Thank you kindly.

Yours,

WILLIAM HENRY HARRISON

"B"



June 6, 2006

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons
Mid - Atlantic Region

Butner Legal Center
P.O. Box 1600
Butner, North Carolina 27509

William Henry Harrison
Reg. No. 07725-078
Federal Correctional Institution
P.O. Box 1000
Petersburg, Virginia 23804

Re: FOIA Request No. 2006-05485

Dear Mr. Harrison:

This is in response to your letters received on April 14, 2006, and May 25, 2006. You seek documents relating to incident report number 1450349, telephone conversations and e-mails between H. Simmons and Counselor Wheeler for the dates March 29, 2006, through March 30, 2006, and records indicating why H. Simmons investigated your telephone calls for March 14, 2006, and March 30, 2006, and checked your financial account on March 30, 2006.

We did not locate any records of phone calls between H. Simmons and Counselor Wheeler on the above dates or documents regarding the alleged investigation of your telephone calls and financial account. However, we have located nine pages responsive to your request for information regarding the incident report and e-mails. We have determined that one page is releasable in its entirety, and eight pages are being withheld in their entirety. The above determination is pursuant to:

Title 5, United States Code, Section 552(b)(5), allows exemption of information intended for Staff use only, the disclosure of which would tend to inhibit frank communication between prison officials, or correspondence that is speculative or deliberative in nature

Title 5, United States Code, Section 552(b)(6), which exempts from disclosure personnel, medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

Title 5, United States Code, Section 552(b)(7)(C), which exempts from disclosure records or information compiled for law enforcement purposes which could reasonably be expected to constitute an unwarranted invasion of personal privacy;

Title 5, United States Code, Section 552(b)(7)(E), which provides for the withholding of records or information compiled for law enforcement purposes which would disclose certain investigative techniques and procedures.

Pursuant to Title 28, Code of Federal Regulations, Section 16.9, this determination may be appealed to the Attorney General by filing a written appeal within sixty days of the receipt of this letter. The appeal should be addressed to: the Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, DC 20530-0001. Both the envelope and the letter of appeal itself must be clearly marked: "Freedom of Information Act Appeal."

Sincerely

Richard W. Schott
Regional Counsel

"C"

---

"D"

[Rotated/illegible second letter - appears to be another FOIA response referencing Butner Legal Center, incident report, telephone calls and financial account, investigation, disciplinary charges, and determination to release only one (1) of the so-called nine (9) pages located; references to FOIA/PA process, BOP staff, administrative remedy process and disciplinary process.]

Page 2 of 3

ever involving the second call to the incident report regarding the investigation by the Lieutenant who said he the incident report of the lies other communications between staff members that would be the related evidence that would be used to exonerate and/or its for exercising my First Amendment rights.

4) None of the claimed exemptions is valid, for I cannot properly defend myself during the course of the disciplinary process and appeals when I am not in possession of the very evidence needed to prove my allegations, and the only source of that information to prove my allegations is the BOP. Due process demands discovery in criminal proceedings, and BOP disciplinary proceedings are quasi-judicial in nature. I am entitled to exculpatory as well as impeachment evidence. I am also entitled to any and all information to prove that the BOP is violating its own Policy, Rules, Regulations, Program Statement, and the Code of Federal Regulations that empowers them to promulgate the rules.

An agency is required to give detailed reasons as to why a particular document should be entitled to a claimed exemption. Furthermore, 5 USC § 552(a)(6)(C)(i)... Any notification of denial of any request for records under this subsection shall set forth the names and titles or positions of each person responsible for the denial of such request).

5) 552(b)(5) does not apply. It is cited to protect the unlawful conduct of BOP staff members involved, not to protect lawful frank discussion. 552(b)(6) does not apply because I never asked for personnel, medical or similar files that would invade any staff member's privacy. I only want records that pertain to me and the decision to falsely charge and discipline me. 552(b)(7)(C) does not apply because, once again, there is no invasion of anyone personal privacy; these records have to do with ME, and it occurred during business hours in a government agency. 552(b)(7)(E) does not apply because this has nothing to do with law enforcement. It is simply another way to hide the misbehaviors of BOP staff.

Page 3 of 3

6) The response did not answer my request as to WHY? H. Simmons investigated my telephone calls and why my account was looked into. The connection to Counselor Wheeler will be found therein, especially where Counselor Wheeler used to work in the S.I.S. Section of the BOP. He still uses his contacts therein to usurp the lawful provisions of the BOP regulations, and to circumvent the law to violate mine and other prisoners' rights in the administrative remedy process. The BOP does not want to address this serious issue, so they attempt to hide behind deviously-crafted FOIA exemptions, which in reality do not apply, in order to frustrate me and other prisoners and prevent exposure for their unlawful acts. THE NEXT STOP IS THE OFFICE OF THE INSPECTOR GENERAL AND THE ATTORNEY GENERAL FOR SERIOUS INVESTIGATION AND BOP HOUSE-CLEANING!!! If my telephone monitoring or later screening was random, which it must be, then there would necessarily be a record kept by H. Simmons, and all other operators and S.I.S. personnel, just as random urine tests and breathalyzers test records are made and kept as business records in government agencies. If no records are kept, that is a violation of the law itself.

7) Once again, the BOP did not do an adequate nor thorough search, and therefore, under the law, it was not a reasonable search.

I appeal.

WILLIAM HENRY HARRISON

U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642

Washington, D.C. 20530

NOV 1 6 2006

Mr. William H. Harrison
Register No. 07725-078
United States Penitentiary
Post Office Box 300
Waymart, PA 18472

Re:  Appeal No. 06-2402
     Request No. 06-05485
     ALB:SRO

Dear Mr. Harrison:

You appealed from the action of the Mid-Atlantic Regional Office of the Federal Bureau of Prisons (BOP) on your request for access to various records pertaining to Incident Report Number 1450349.

After carefully considering your appeal, and as a result of discussions between BOP personnel and a member of my staff, I am releasing to you portions of four additional pages previously withheld from you in full, copies of which are enclosed. I am otherwise affirming, on partly modified grounds, BOP's action on your request.

BOP properly withheld certain information that is protected from disclosure under the Freedom of Information Act pursuant to:

5 U.S.C. § 552(b)(6), which concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties;

5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties; and

5 U.S.C. § 552(b)(7)(E), which concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.

"E"

-2-

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

Enclosure (4)

x - harrison.pdf

| 22. Date And Time Investigation Began | |
|---|---|
| Part III - Investigation | 3/30/2006  2:55 p.m. |

Inmate Advised of Your Right To Remain Silent: You Are Advised of Your Right To Remain Silent At All Stages Of The Disciplinary Process But Are Informed That Your Silence May Be Used To Draw An Adverse Inference Against You At Any Stage Of The Institutional Disciplinary Process. Your Silence Alone May Not Be Used To Support A Finding That You Committed A Prohibited Act.

The Inmate Was Advised Of The Above Right By: **7C**  At Date/Time: 3/30/2006 2:56 p.m.

23. Inmate's Statement And Attitude

Inmate Harrison, if compound records was given a copy of this report and advised of his rights as reflected in section 22. He stated he understood his right to remain silent and elected to make the following statement, "I understand my right to remain silent and don't have anything to say."

Inmate Harrison displayed a fair attitude towards this investigation.

24. Other Facts About The Incident, Statements Of Those Persons Present At Scene, Disposition of Evidence, Etc.

Inmate Harrison requested no witnesses.

See attached US Postal Money Order for 50.00 from **7C** to **7C** on his visiting list of inmate Harrison # 07725-078 which shows **7C** 98192-071 see withdrawl from Harrison, William 07725-078. See attached visiting list of inmate Harrison # 07725-078 which shows **7C** approved visiting list of inmate Harrison # 07725-078 which shows **7C** on his visiting list. See attached memorandum of this investigator that this incident is correct as written and the inmate Harrison to **7C**

25. Investigator's Comments And Conclusions

Based on the written report and the attached documentation which shows the financial transaction and the coded message which proves the monies were transferred from one inmate account to the other. During a telephone call dated 2-14-06 to phone number **7C** a 3:25 pm the conversation was coded and indicated that **7C** to send money order was written J-16 and deposited in his account 2-20-06 **7C** ($50.00) the it is the conclusion of this investigator that this recommendation of this investigation is correct as written and the charge is valid. It is the recommendation of this investigator that inmate Harrison, have his telephone privileges taken for one year.

26. Action Taken

Inmate Harrison remain on the compound pending UDC / DHO action.

Date And Time Investigation Completed: 3/30/2006  3:05 p.m.

---

Fwd: Harrison, William #07725-078   Page 2

From: **b7C**
To: Hubert L. Simmons
Date: 6/1/2006 2:22:03 PM
Subject: Fwd: Harrison, William #07725-078

Hubert L. Simmons
Special Investigative Technician
Federal Correctional Complex - Low
P.O. Box 90026
Petersburg, Virginia 23804

**b2(High)**

>>> Hubert L. Simmons 3/30/2006 11:22:59 AM >>>
I think we may have a chance to write the incident report on this guy!!
Call me.

WILLIAM HENRY HARRISON (07725-078)
PETERSBURG FCC (Low)
P.O. BOX 1000
PETERSBURG, VA 23804

May 27, 2006

General Counsel
Federal Bureau of Prisons
FOIA/PA Section
320 First St., N.W.
Washington, DC 20534

Re: Incident Report No. 1450349
    DHO Qualifications
    Freedom of Information/Privacy Act Request

To Whom It May Concern:

This is Freedom of Information/Privacy Act Request for the following information and documentation:

1) A copy of the tape recording of the telephone conversation between myself and my wife, at (804) 687-9302, on March 14, 2006, which was the basis for the incident report refferenced above;

2) The opportunity to hear the complete recording, and to have a copy of the transcript of the complete recorded conversation, certified;

3) Copies of the documents proving the training and certification of Counselor Ms. Alderman, counselor in Richmond Hall, Petersburg FCC (Low), to be either a Disciplinary Hearing Officer or a validly designated, trained, and certified alternate DHO;

4) Copies of the reasons why, and the authorization for, Ms. Alderman to sit as alternate DHO for the above-referenced disciplinary hearing of May 17, 2006, when to do so offends and violates P.S. 5270.07, Chapter 7, page 1, [1.a]; and Title 28 of the Code of Federal Regulations, Section 541.17

Please respond as soon as possible. Thank you.

Yours,
WILLIAM HENRY HARRISON

"F"

---

WILLIAM HENRY HARRISON (07725-078)
PETERSBURG FCC (Low)
P.O. BOX 1000
PETERSBURG, VA 23804

June 2, 2006

Office of Information and Privacy
U.S. Department of Justice
Suite 570, Flag Bldg.
Washington, D.C. 20530

Re: Freedom of Information Act Request Appeal
    Incident Report No. 1450349
    Federal Bureau of Prisons

To Whom It May Concern:

Please accept this as an appeal of a deemed denied request for information and documentation pursuant to the Freedom of Information/Privacy Act request made to the B.O.P.

Attached please find copies of the actual request request letters that, to this date, have not been even acknowledged as received much less responded to. Thank you kindly.

Yours,
WILLIAM HENRY HARRISON

"G"

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons
Mid - Atlantic Region

Butner Legal Center
P.O. Box 1600
Butner, North Carolina 27509

July 19, 2006

William Henry Harrison
Reg. No. 07725-078
Federal Correctional Institution
P.O. Box 1000
Petersburg, Virginia 23804

Re: FOIA Request No. 2006-07827

Dear Mr. Harrison:

This is in response to your letter, received by the Bureau of Prisons on June 6, 2006, in which you request Bureau of Prisons records. We have interpreted your letter to include four requests. Specifically, you request: 1) A copy of the telephone call placed to (804) 687-9302 on March 14, 2006; 2) the transcript of the telephone call to (804)687-9302; 3) documents of training and certification of Counselor Alderman to be a Disciplinary Hearing Officer (DHO); and 4) to know why was Counselor Alderman was the DHO on May 17, 2006.

We have located one phone call pertaining to your first request and one page pertaining to your third request. We have determined that the recording of the call is not releasable to you, and that the training record should have information withheld. This information is withheld pursuant to:

Title 5, United States Code, Section 552(b)(7)(C), which exempts from disclosure records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy.

Title 5, United States Code, Section 552(b)(6), which exempts from disclosure personnel, medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

With respect to your second request, we have not located a transcript of the telephone call to (804) 687-9302. Finally, we did not locate any documents responsive to your fourth request.

Pursuant to Title 28, Code of Federal Regulations, Section 16.9, this determination may be appealed to the Attorney General by filing a written appeal within sixty days of the receipt of this letter. The appeal should be addressed to: Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, DC 20530-0001. Both the envelope and the letter of appeal itself must be clearly marked: "Freedom of Information Act Appeal."

Sincerely,

Richard W. Schott
Regional Counsel

"H"

WILLIAM HENRY HARRISON (07725-078)
USP CANAAN
P.O. BOX 300
WAYMART, PA 18472

July 29, 2006

Office of Information & Privacy
U.S. Dept. of Justice
1425 New York Ave., Suite 11050
Washington, DC 20530-0001

Re: FOIA Appeal
    Req. No. 2006-07827
    Notice of Change of Address

Dear Sir/Madam:

This is an appeal from the response to my FOIA request in the above-referenced matter. I appeal on the following grounds:

a. My requests have been mischaracterized, particularly with respect to request number two. I not only sought a copy of the complete transcript of the 3/14/06, phone conversation, I also requested to "hear" that telephone conversation for myself. This aspect was never addressed.

   Also with respect to request number four, where I sought not only a copy of the reason why Ms. Alderman was permitted to preside at my DHO hearing when the DHO himself was available (which is in contravention of 28 CFR § 541.17 and Programs Statement 5270.07, Chap. 7, page 1, [1.a], but I also sought a copy of the written authorization for her to preside. This was not addressed, and the response only means that there was not written authorization as is required, an adequate search was not performed, or the documents have been destroyed.

b. Ms. Alderman stated at the May 17, 2006, hearing that she was consulting and reviewing a transcript of the phone conversation. Since all records respecting disciplinary proceedings are required to be maintained, they must exist as a matter of law, and I am entitled to them as a matter of Due Process under the First and Fifth Amendments to the Constitution; especially where good time credits have been taken from me which will require me to spend more time in jail than I would have to in the absence of the illegal hearing, findings, and sanctions.

c. I am also entitled to copies of any lawful authorization that certified Ms. Alderman as a trained and qualified DHO, and the authority for her to specifically sit as an alternate DHO for my hearing in particular, since her credentials and authority impact my constitutional rights and have a direct relationship to whether my good time credits will be restored. Therefore, these claimed exemptions do not apply.



"I"

Page 2 of 2

d. If the telephone conversation will prove my innocence, but it is the BOP that is intentionally and purposely withholding this vital evidence, then a fraud is being perpetrated and my rights violated as a result. The BOP may not hide behind claimed exemptions or policy consierations (neither of which was given as the reason for not releasing the tape, in any form, to me), when my liberty interests and due Process rights are at stake. Consequently, neither 5 USC § 552(b)(7)(C) nor § 552(b)(6), is applicable. Some form of disclosure, in full, is required to satisfy due process. The fact of the matter is that none of the information sought about Ms. Alderman's credentials was provided; it was all redacted. And with respect to the telephone recording, it was not compiled for law enforcement purposes, neither can disclosure of it constitute an unwarranted invasion of personal privacy, as the only parties to the telephone conversation were me wife and I as consenting adults. She does not object to its release and neither do I.

The BOP decision must be rescinded and all the information and documentation requested by me disclosed and furnished, by whatever the most appropriate means is under the given circumstances.

I respectfully appeal.

WILLIAM HENRY HARRISON

# CLAIM FOR DAMAGE, INJURY, OR DEATH

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008

**1. Submit To Appropriate Federal Agency:**
FEDERAL BUREAU OF PRISONS
BUTNER LEGAL CENTER
BOX 1600
BUTNER, N.C. 27509

**2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)**
WILLIAM HENRY HARRISON (07725-078)
USP CANAAN
P.O. BOX 300
WAYMART, PA 18472

**3. TYPE OF EMPLOYMENT**
MILITARY ☐ CIVILIAN ☒

**4. DATE OF BIRTH**
2-9-46

**5. MARITAL STATUS**
S

**6. DATE AND DAY OF ACCIDENT**
7-13-06 (on or about)

**7. TIME (A.M. or P.M.)**
A.M.

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

When transferring from Petersburg FCC (Low) to USP Canaan, the R+D officer took my I.D. card which still had $3.40 on it in debit credits purchased at commissary. I expressed my concerns about my money either being returned to my account/balance or the I.D. card traveling to USP Canaan with me so I wouldn't lose my money. The R+D officer (Black) assured me that the I.D. card and my money would follow me to USP Canaan. I have never received the card or money.

**9. PROPERTY DAMAGE**

NAME: N/A
ADDRESS (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

$3.40 credit on my I.D. card. Petersburg FCC (Low)

**10. PERSONAL INJURY/WRONGFUL DEATH**
STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

I want my $3.40 credited to my account.

**11. WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| R+D OFFICER | PETERSBURG FCC (LOW) P.O. BOX 90148 PETERSBURG, VA 23804 |
| Black Man "Dread Locks" | PETERSBURG FCC (LOW) P.O. BOX 90148 PETERSBURG, VA 23804 |

**12. (See instructions on reverse.) AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $3.40 | N/A | N/A | $3.40 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

**13a. SIGNATURE OF CLAIMANT** (See instructions on reverse side.)
[signature]

**13b. Phone number of signatory**
N/A

**14. DATE OF CLAIM**
1-23-07

CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM
The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.)

CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS
Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.)

95-108 NSN 7540-00-634-4046 Previous editions not usable.
STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

"J"

---



## U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons
Mid - Atlantic Region

Butner Legal Center
P.O. Box 1600
Butner, North Carolina 27509

February 6, 2007

William Henry Harrison
Reg. No. 07725-078
USP Canaan
P.O. Box 300
Waymart, PA 18472

Re: Administrative Tort Claim Number TRT-MXR-2007-01871

Dear Mr. Harrison:

This will acknowledge receipt on January 30, 2007, of your administrative tort claim for alleged loss of personal property at FCC Petersburg on or about July 13, 2006. You claim a sum certain of $3.40.

Under the provisions of the Federal Tort Claims Act, 28 U.S.C. §2675, we have six months from the date of receipt of your claim in this office, to review, consider, and adjudicate your claim.

Should your claim include an allegation of loss of or damage to personal property, pursuant to 28 C.F.R. §14.4(c), you are required to include with your claim an itemized list of the property lost or damaged. For each item, please state its value, date and place of purchase. If the property was purchased in a Federal institution, submit a copy of the commissary receipt. If you do not have a receipt please state as such, and list the place purchased, for example: name of store, address, state, date and cost for each item alleged lost or damaged. Failure to respond within 30 days of this letter will delay the investigation of your claim. *If you have already included these items do not re-submit.*

All correspondence regarding this claim should be addressed to: Butner Legal Center, P.O. Box 1600, Butner, North Carolina 27509. When corresponding with this office regarding this tort claim please refer to the above tort claim number. If you have any questions about the status of your claim or if the circumstances surrounding this claim change in any fashion, contact this office immediately. **Also, should your address change, please advise accordingly.**

Sincerely,

[signature]
Michael Bredenberg, Attorney
Butner Legal Center

"K"

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons
Mid - Atlantic Region

Butner Legal Center
P.O. Box 1600
Butner, North Carolina 27509

August 14, 2007

William Henry Harrison
United States Penitentiary
P.O Box 300
Waymart, PA 18427

Re: Tort Claim TRT-MXR-2007-01871

Dear Mr. Harrison:

This is in response to your claim filed on January 30, 2007, pursuant to the Federal Tort Claims Act ("FTCA"), Title 28 U.S.C. § 2672, and authority granted under 28 C.F.R. § 0.172. You seek compensation for alleged loss of personal property. Specifically, you claim that your identification card, which allegedly contained $3.40 of credit, was not transferred with you from FCC Petersburg to USP Canaan. You request that $3.40 be credited to your account.

A review of your claim indicates that you provide no support for your allegation that your identification card contained a credit balance at the time of your transfer from FCC Petersburg to USP Canaan. As such, there is no evidence that a wrongful act or omission contributed to a loss that is compensable under the FTCA. Accordingly, your claim is denied.

If you are dissatisfied with this determination, you may file suit in the appropriate United States District Court not later than six (6) months after the date of mailing of this notification.

Sincerely,

Michelle T. Fuseyamore
Regional Counsel

cc: "L"

---

William Henry Harrison (077725-078)
USP Canaan ; P.O. Box 300
Waymart, PA 18472

August 22, 2007

Federal Bureau of Prisons
FOIA/PA Section
320 First St., N.W.
Washington, D.C. 20534

Re: FOIA Request
    Tort Claim TRT-MXR-2007-01871

Dear Sir/Madam:

This is a FOIA/PA request for any and all documents and information generated pursuant to the tort claim referenced above, including, but not limited to, any efforts to contact Petersburg FCC (Low) to determine who the R&D officer was that obtained and withheld my I.D card during my packing for transfer in July, 2006. I want any and all documents referencing the investigation and its results.

Yours,

William Henry Harrison

cc: "M"

William Henry Harrison (07725-078)
USP Canaan : P.O. Box 300
Waymart, PA 18472

July 19, 2007

General Counsel's Office
Federal Bureau of Prisons
FOIA/PA Section
320 First St., N.W.
Washington, D.C. 20534

Re: Freedom of Information/Privacy Act Request
Transfers from USP Canaan to Low Facilities

Dear Sir/Madam:

This is a Freedom of Information Act request for your agency to provide me with the statistics showing the number of inmates that have been transferred to FCC (low) facilities during the months of May through July of 2007, and how many inmates have been approved for transfer to FCC (low) facilities, even if they have not actually been transferred yet, during the months of June and July, 2007, and how many are to be approved for August and September, 2007, from USP Canaan.

Yours truly,
William Henry Harrison

"N"

---

William Henry Harrison (07725-078)
USP Canaan : P.O. Box 300
Waymart, PA 18472

August 22, 2007

Office of Information and Privacy
U.S. Department of Justice
1425 New York Ave., Suite 11050
Washington, D.C. 20530

Re: FOIA Appeal

Dear Sir/Madam:

This is a FOIA appeal of a request to the BOP that was never responded to. Enclosed, please fing a copy of the request made to the BOP on July 19, 2007. Thank you kindly.

Yours
William Henry Harrison

"O"