U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

WILLIAM HENRY HARRISON,           )
                                  )    07-cv-1543 (PLF)
        Plaintiff,                )
                                  )
    v.                            )
                                  )
U.S. DEPARTMENT OF JUSTICE (DOJ); )
FEDERAL BUREAU OF PRISONS (BOP),  )
                                  )
        Defendants.                )

**RECEIVED**

JAN - 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S MOTION TO FURTHER AMEND
AND/OR SUPPLEMENTAL PURSUANT TO
RULES 15(a) & (d), FED.R.CIV.P.

NOW COMES WILLIAM HENRY HARRISON (hereeafter "Harrison"), Plaintiff, Pro Se, who respectfully seeks permission to further amend and/or supplement the Freedom of Information Act cause of action, pursuant to Rules 15(a) & (d) of Fed.R.Civ.P., and in support thereof will state:

1. Harrison hereby incorporates by reference into this pleading all prior pleadings filed with this Court and makes them a part hereof in their entirety.

2. Harrison seeks to add and/or supplement his FOIA claims with additional FOIA requests to the BOP that were either not responded to within the statutory 20-day time period, 5 USC § 552(a)(6)(A)(i) and (ii), or the appeals decisions are contrary to the law, inadequate, and/or completely erroneous. Such claims are as follows:

   a) On May 22, 2007, Harrison made a FOIA request to the BOP respecting any and all information regarding his Veterans Administration disability checks that were not deposited in his account. (See exhibit "A").

   b) After much wrangling in order to have his request honored, the BOP's Northeast Regional Office responded, claiming that 13 pages responsive to his request were received in their office; that 9 were being released in their entirety; and

and that 4 were being released with excisions. (See exhibit "B", dated August 7, 2007)

c) On August 14, 2007, Harrison filed an appeal wherein he challenged everything about the FOIA response, especially the small number of pages allegedly generated, the failure to include ANY AND ALL DOCUMENTS, ETC., related to the inquiry, and the purported exemptions/privileges. (See exhibit "C")

d) After waiting for long periods, Harrison followed up on his appeal status by letter dated December 6, 2007. (See exhibit "D"). The Office of Information and Privacy, Dept. of Justice, finally decided the appeal on December 21, 2007. It upheld the original response made by the BOP, and further claimed that Harrison would have to seek documents related to the administrative remedy process concerning his checks issue by filing another FOIA request, in essence for the same information already requested and not provided. (See exhibit "E").

e) This FOIA request/appeal is not ripe for judicial review and adjudication where all files and documents requested were never identified and produced, and vital information that Harrison is entitled to has been withheld, unlawfully, inter alia. Therefore, judicial review and adjudication is sought for request No. 2007-07829/appeal No. 07-2318.

3. a) On May 22, 2007, a FOIA request was made to the BOP for any and all documents relative to the placement of Harrison in the Special Housing Unit (SHU) and keeping him there for a 24-day period when he had not committed any prison infractions. (See exhibit "F")

b) The BOP failed to respond, as usual, and an appeal was filed with the OIP, Dept. of Justice, dated July 3, 2007. (See exhibit "G"). The OIP forwarded Harrison's request to the BOP who finally responded on July 24, 2007. (See exhibit "H"). The response claimed that only 10 pages were received in their office, two released in full and 8 excised. Exemp-

tions and privileges were claimed.

c) Harrison appealed on August 1, 2007, to the OIP, objecting in total to the lack of adequate and lawful responses. (See exhibit "I"). Despite Harrison's waiting longer than the statute provides, 5 USC § 552(a)(6)(C)(i), no response to his appeal has been issued. Therefore, judicial review and adjudication is sought for request No. 2007-07346.

4.

a) On November 7, Harrison filed a FOIA request to the BOP's FOIA/PA Section and to its Chief, Trust Fund Branch, seeking specific information of the price of copy cards and the profits being made, inter alia, at USP Canaan. (See exhibit "J").

b) To date, there has been no response from either section of the BOP, and the statutory 20-day period has long expired. Therefore, judicial review and adjudication is sought for a request that has never been given a number, contrary to the FOIA statutory mandates; however, the response would be related in part to BOP administrative remedy number 465485-R1.

5. Harrison therefore seeks to amend/supplement his already-pending FOIA cause of action. And as there is no prejudice to Defendants herein, the Court should grant permission liberally, in the interests of justice, and in the interests of judicial economy; as these latest add-ons arose at USP Canaan as did most other claims.

6. Everything stated herein is true to the best of my knowledge under penalties for perjury, 28 USC § 1746.

Respectfully Presented,

Dated: December 28, 2007
       Waymart, PA 18472

William Henry Harrison (07725-078)
USP Canaan : P.O. Box 300
Waymart, PA 18472

-3-

PROOF OF MAILING AND SERVICE

I hereby certify tht the original herein was duly mailed to the U.S. District Court for the District of Columbia, Hon. P.L. Friedman, U.S.D.J., and a true and correct copy duly served on the U.S. Attorney for the District of Columbia, 555 Fourth Street, N.W., Washington, D.C. 20530, by giving possession to prison officials at this facility, with sufficient first-class postage affixed, this December 28, 2007, under Houston v. Lack, 487 US 266 (1988) and 28 USC § 1746.

Dated:   December 28, 2007
         Waymart, PA 18472

_____
William Henry Harrison

WILLIAM HENRY HARRISON (07725-078)
USP Canaan : P.O. BOx 300
Waymart, PA 18472

May 22, 2007

Federal Bureau of Prisons
Freedom of Information/Privacy Act Section
320 First St., N.W.
Washington, D.C. 20534

Re: Freedom of Informatio/Privacy Act Request

To WHom It May Concern:

This is a FOIA/PA request for any and all documents, whether memoranda, letters, forms, memoralization of telephone conversations, etc., generated with respect to Disability payments checks,. issued by the Department of Veterans Affairs through the Treasury Department, reflecting check/document numbers 221972881189, 221495756873, and 221973564618.

I want copies of the so-called actual forms claimed to have beewn forwarded to the BOP Lock-Box in Iowa in late March and early April of 2007. I also want, but is not limited to, a throrough explanation of where these funds were located until they were finally placed in my prison account on or about April 30, 2007, and how they came to be dep osited in my account on that particular date.

William Henry Harrison

"A"

William Henry Harrison (07725-078)
USP Canaan : P.O. Box 300
Waymart, PA 18472

July 2, 2007

Office of Information and Privacy
U.S. Department of Justice
10th and Constitution Avenue, N.W.   1425 New York Ave., Suite 11050
Washington, D.C. 20530

Re:  Freedom of Information/Privacy Act Appeal

To Whom It May Concern:
This is a Freedom of Information/Privacy Act Appeal of the BOP's failure to respond to my FOIA request mailed to them as indicated in the attached copy of the actual request made.

This is a very crucial matter and the BOP is doing what it normally does: failing to respond. I am almost positive that once your agency contacts the BOP, they will respond and say that they never received the FOIA request. Business as usual for the BOP, who thinks they are above the law and would do anything to protect the wrongful acts of their personnel.

Thank you.

Yours,
William Henry Harrison

"A-1"



U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

August 7, 2007

William Henry Harrison, Reg. No. 07725-078
United States Penitentiary - Canaan
P.O. Box 300
Waymart, Pennsylvania 18472

RE: Freedom of Information Request No. 2007-07829

Dear Mr. Harrison:

This is in response to your request for information that was received by this office on June 8, 2007. You request a copy of all documents regarding the location and deposit of three disability payment checks.

Thirteen (13) pages of records were received by this office for release determination. Upon review, it has been determined nine (9) pages are being released to you in their entirety and four (4) pages are being released to you with excisions. These 13 pages are enclosed herein.

Four pages are being released to you with excisions because they contain third-party information. Release of this information would or could constitute an unwarranted invasion of personal privacy, and could reasonably be expected to endanger the life or physical safety of any person. The statutory bases for these excisions are 5 U.S.C. § 552 (b)(6), (b)(7)(C) and (b)(7)(F).

"B"

William Henry Harrison, Reg. No. 07725-078
RE:  FOIA Request 2007-07829
Page 2

I trust this has been responsive to your request.  However, if you are dissatisfied with this response, you may appeal to the Attorney General by filing a written appeal within 60 days of your receipt of this response to: Attorney General, Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C.  20530-0001. Both the envelope and the letter of appeal itself should be clearly marked: "Freedom of Information Act Appeal".

Sincerely,

Henry J. Sadowski
Regional Counsel

Enclosures:   13 pages

William Henry Harrison (07725-078)
USP Canaan : P.O. Box 300
Waymart, PA 18472

8/14/07

Office of Information and Privacy
U.S. Department of Justice
1425 New York Ave., Suite 11050
Washington, D.C. 20530-0001

Re: FOIA Appeal of Request No. 2007-07829

Dear Sir/Madam:

This is my FOIA/PA appeals of the response dated August 7, 2007, and received by me on AUgust 13, 2007, for the following reasons:

1) Every document associated with my request was not forwarded to me; in particular, but not limited to, the Form P 4500.04 documents that Mr. Farley claimed to have sent to Iowa along with my V.A. checks on March 26, 2007, and April 2, 2007. The copies sent to me in response to my request are the same fraudulent forms that I presented in the administrative remedy process. I want the forms that were allegedly sent to Iowa along with the checks;

2) There are other documents that were a part of the administrative remedy process that were not forwarded to me with the response. Furthermore, I requested **any and all documents**, in whatever form, that related to this matter. I did not receive any memorandums, letters, forms, memorializations of telephone conversations, etc. (See request attached hereto.);

3) Although §§ (b)(6), (b)(7)(C), and (b)(7)(F), are cited as permitting redactions in the documents supplied, I have been given no explanation as to how it would invade privacy, how it relates in any way to law enforcement compiled records, or how it can endanger someone's life. I am entitled to know where my money went, and why it was sent whereever it was sent. If my money was placed in another inmate's account, I am entitled to know that, even if I don't get the name of that inmate;

4) I am entitled to know what this so-called adminstrative error was that cause my money to be lost or misplaced, and whose fault, specifically it was for such an error. That information cannot be privileged.

"C"

5) The claim that someone would be personally endangered if certain information were supplied to me is just a pretext for the BOP's desire to protect one of their staff members who made critical errors and then filed false information of government agency forms in order to attempt to cover the mistakes. The alleged exemptions and privileges do not apply herein, because if the money was mistakenly placed in another inmate's account, then that inmate is not at fault and there is no danger to that inmate. If the money was placed in some other or someone else's account who is not a federal inmate, then there is no danger to that person either.

I do not believe that all documents, in whatever form, were forwarded to the Northeast Regional Director's office of the BOP; thus the "Thirteen pages of records were received by this office for release determination." This does not reveal whether there were more records, nor does it reveal what type of search was performed, and by whom and where, in order to gather pertinent records. I have not even been informed as to where the 13 pages came from, much less were there any more pages that said location decided not to forward to the Northeast Regional office. Someone is withholding a large number of documents with respect to this request, and it smells foul.

William Henry Harrison

```
                                William Henry Harrison (07725-078)
                                USP Canaan : P.O. Box 300
                                Waymart, PA 18472

                                December 6, 2007
```

Office of information and Privacy
U.S. Department of Justice
1425 New York Ave., Suite 11050
Washington, D.C. 20530

    Re:  FOIA Appeal
         #07-2318
         Request No. 2007-07829
         Status Inquiry

Dear Sir/Madam:

On August 14, 2007, I forwarded my appeal in the above-referenced matter to your office. On September 14, 2007, I received a letter from your office, dated September 12, 2007, which assigned the above-referenced appeal number. To date I have not heard anything further.

Please inform me as to the status of my appeal as soon as possible. Thank you very kindly, and Happy Holidays to you and your family.

                                              Yours truly,

                                              William Henry Harrison

"D"

**U.S. Department of Justice**

Office of Information and Privacy

*Telephone: (202) 514-3642*    Washington, D.C. 20530

DEC 2 1 2007

Mr. William Henry Harrison
Register No. 07725-078
United States Penitentiary    Re:  Appeal No. 07-2318
Post Office Box 300                 Request No. 2007-07829
Waymart, PA  18472                  ALB:REG

Dear Mr. Harrison:

    You appealed from the action of the Northeast Regional Office of the Federal Bureau of Prisons (BOP) on your request for access to records pertaining to certain disability payment checks. I regret the delay in responding to your appeal.

    After carefully considering your appeal, I am affirming BOP's action on your request. BOP properly withheld this information because it is protected from disclosure under the Freedom of Information Act pursuant to:

    5 U.S.C. § 552(b)(6), which concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties;

    5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties; and

    5 U.S.C. § 552(b)(7)(F), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to endanger the life or personal safety of an individual.

    On appeal, you contend that BOP failed to locate all records responsive to your request. Following discussions on this matter between BOP personnel and a member of my staff, I have determined that BOP has conducted an adequate, reasonable search for responsive records.

    Furthermore, on appeal, you have requested access to records pertaining to the administrative remedy process. You may not on appeal expand the scope of your initial request, which was expressly limited to records pertaining to your disability payment checks. Accordingly, I suggest that you submit a new request directly to BOP for the information that you now seek.

"E"

-2-

If you are dissatisfied with my action on your appeal, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

By: *[signature]*

Anne D. Work
Attorney-Advisor

William Henry Harrison (07725-078)
USP Canaan : P.O. Box 300
Waymart, PA 18472

May 22, 2007

Federal Bureau of Prisons
FOIA/PA Section
320 Fiorst; St., N.W.
Washington, D.C. 20534

Re:  Freedom of Information Act Request
     Adm. Remedy Number 450695-F1

To WHom It May Concern:

This is a FOIA/PA request for any and all documents, of any kind, generated with respect to the placement of William Henry Harrison (07725-078) in the Special Housing Unit of USP Canaan, in so-called Administrative Detention for investigation into purported violations of BOP rules and regulations. The information sought is to include, but is not limited to, any and all communications among whatever parties, and the decisions made as to why Harrison was made to remain in SHU, with no access whatsoever to his personal property and legal documents, for a 24-day period.

*[signature]*
William Henry Harrison

Placed in SHU on 4-27-07

"F"

William Henry Harrison (07725-078)
USP Canaan : P.O. Box 300
Waymart, PA 18472

July 3, 2007

Office of Information and Privacy
U.S. Justice Department
1425 New York Ave., Suite 11050
Washington, D.C. 20530

Re: Freedom of Information/Privacy Act Appeal
    Adm. Rem. # 450695-F1

To Whom It May Concern:

This is a Freedom Of Inforemation/Privacy Act Appeal of the BOP's failure to respond to my FOIA request referenced above as indicated in the attached copy of the actual request made. The BOP, once again, has failed to respond to a valid FOIA request. They will probably say, as always, that they never received the request. That reply, however, is becoming very stale.

Yours,

William Henry Harrison

"G"



U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

July 24, 2007

William Henry Harrison, Reg. No. 07725-078
United States Penitentiary (USP) - Canaan
P.O. Box 300
Waymart, Pennsylvania  18472

RE:   Freedom of Information Request No. 2007-07346

Dear Mr. Harrison:

This is in response to your request for information that was received by this office on May 29, 2007. You request a copy of all documents regarding your placement in the Special Housing Unit at USP Canaan on April 27, 2007.

Ten (10) pages of records were received in this office for release determination. Upon review, it has been determined two (2) pages are being released to you in their entirety and eight (8) pages are being released to you with excisions. These ten pages are enclosed herein.

Eight pages are being released to you with excisions because they contain information intended for staff use only. Release of this information would reflect internal matters of no interest to the public. The statutory basis for these excisions is 5 U.S.C. § 552 (b)(2).

"H"

William Henry Harrison, Reg. No. 07725-078
RE:  FOIA Request 2007-07346
Page 2


I trust this has been responsive to your request.  However, if you are dissatisfied with this response, you may appeal to the Attorney General by filing a written appeal within 60 days of your receipt of this response to:  Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C.  20530-0001.  Both the envelope and the letter of appeal itself should be clearly marked: "Freedom of Information Act Appeal".

Sincerely,

Henry J. Sadowski
Regional Counsel

Enclosures:  10 pages

William Henry Harrison (07725-078)
USP Canaan : P.O. Box 300
Waymart, PA 18472

August 1, 2007

Office of Information and Privacy
U.S. Department of Justice
1425 New York Ave., Suite 11050
Washington, D.C. 20530-0001

　　　Re: FOIA Appeal
　　　　　FOIA Request No. 2007-07346

Dear Sir/Madam:

This is a FOIA Appeal of the documents received by me on July 31, 2007, from the Regional Director of the Federal Bureau of Prisons.

The response does not indicate that my entire request was honored, for although there is a reference made to a memorandum by Mr. Farley based on his telephone conversation with AUSA Mary Ann Cozby, from Tyler, TX, that document is not a part of the information produced. Additionally, there is no indication that a thorough search was made in order to facilitate my entire request; as a result, there are a large number of documents that were never even forwarded to the Regional Director's Office by USP Canaan.

As can be noted in the copy of the FOIA Request attached hereto, I sought "any and all documents, of any kind, generated," and also, but not limited to, "any and all communications among whatever parties, and the decisions made" including why I was not allowed access to my legal work.

The BOP has failed to comply with both the letter and the spirit of the FOIA, and they are withholding vital information and documents that were generated with respect to my placement in SHU, Adm. Rem. # 450695 [none of which is provided], and their attempts to cover-up the real reasons I was made to go to SHU and remain there without access to the courts. The search was neither adequate nor responsive to my requests. See Toolasprashad v. BOP, 474 F.Supp.2d 14 (D.D.C. 2007); see also Toolasprashad v. BOP, 2006 US Dist LEXIS 82397 (D.D.C.).

　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ William Henry Harrison

William Henry Harrison (07725-078)
USP Canaan : P.O. Box 300
Waymart, PA 18472

November 7, 2007

FOIA/PA Section
Federal Bureau of Prisons
320 First St., N.W.
Washington, D.C. 20534

Re: Specific Information Concerning Profits Made at USP Canaan
    Adm. Rem. # 465485-R1
    FOIA Request

Dear Sir/Madam:

I am requesting, pursuant to a BP-10 response in Adm. Rem. # 465485-R1, any and all information on the following:

1) How many copy cards does USP Canaan purchase at any given time?;

2) How much does USP Canaan pay for a particular bulk-purchase of law library copy cards?;

3) What percentage of profit is/has USP Canaan made on, or making on, each card by selling them to inmates for $6.50 per card?;

4) Give me copies of the invoices for the last three bulk-purchases of law library copy cards made by USP Canaan;

5) Where in the law, CFR, and/or Program Statement does it authorize a federal prison to make a profit from legal material purchases or law work purchases?

Please give me specific answers, not generalities and quotes from legal sources, but actual occurrences and data. Thank you kindly.

Yours truly,
William Henry Harrison

---

William Henry Harrison (07725-078)
USP Canaan : P.O. Box 300
Waymart, PA 18472

November 7, 2007

Chief, Trust Fund Branch
Federal Bureau of Prisons
320 First St., N.W.
Washington, D.C. 20534

Re: Specific Information Concerning Profits Made at USP Canaan
    Adm. Rem. # 465485-R1

Dear Sir/Madam:

I am requesting, pursuant to a BP-10 response in Adm. Rem. # 465485-R1, any and all information on the following:

1) How many copy cards does USP Canaan purchase at any given time?;

2) How much does USP Canaan pay for a particular bulk-purchase of law library copy cards?;

3) What percentage of profit is/has USP Canaan made on, or making on, each card by selling them to inmates for $6.50 per card?;

4) Give me copies of the invoices for the last three bulk-purchases of law library copy cards made by USP Canaan;

5) Where in the law, CFR, and/or Program Statement does it authorize a federal prison to make a profit from legal material purchases or law work purchases?

Please give me specific answers, not generalities and quotes from legal sources, but actual occurrences and data. Thank you kindly.

Yours truly,
William Henry Harrison

"J"