William Henry Harrison (07725-078)
FCI Fort Dix : P.O. Box 2000
Fort Dix, NJ 08640

July 14, 2008

Hon. Clerk of the U.S. District Court
District of Columbia
333 Constitution AVe., N.W.
Washington, D.C. 20001

Attn: Hon. Paul L. Friedman, U.S.D.J.

RE: Harrison v. DOJ, BOP
1:07-cv-1543 (PLF)
Inquiry Into Lynelle Cox Declaration

Dear Sir/Madam:

Please place this missive before the Honorable Judge Friedman for his consideration. On this date I received an Order from the Court directing me to respond to the Defendants' motion to dismiss by August 23, 2008. I totally intend to comply with the Court's Order; however, there is still a matter that is unresolved that would thwart my ability to properly and adequately respond to the motion.

On June 5, 2008, I forwarded a Letter/Application to the Court requesting that the Court direct the Defendants to produce and provide a copy of the "Lynelle Cox Declaration" that is referenced throughout their motion to dismiss. (See attached copy of that Letter). To date, I have not received confirmation from the Court that my Letter/Application was received, nor have I been provided with this critical document referenced in Defendants' motion, either by the Court or Defendantsthemselves.

My due process rights to adequately and timely respond to the motion to dismiss is seriously compromised by the Defendants' failure to provide this critical Declaration that is made reference to so much within their motion to dismiss.

I, therfore, need guidance from the Court on how I should proceed. I am informaing the Court soon enough prior to time to respond to the motion, so that the Court can direct me on how to proceed. I do not want to respond without the benefit of this "Lynelle Cox Declaration." If the Defendants will not provide it, I respectfully ask the Court to disregard each and every aspect of their motion referencing this Declaration in order to support their motion to dismiss.

There is no way that I can further properly respond to or oppose their motion for summary judgment without this vital document so often referenced in their pleadings.

Everything stated herein is true to the best of my knowledge under penalties for perjury, 28 USC § 1746.

Respectfully yours,

William Henry Harrison
Plaintiff, Pro Se

cc: U.S. Attorney
    District of Columbia

Mailed pursuant to Houston v. Lack, 487 US 266 (1988 and 28 USC § 1746, this July 14, 2008, by giving possession to prison officials at this facility, with sufficient first-class postage affixed.

William Henry Harrison

Dated: July 14, 2008
       Fort Dix, NJ 08640

William Henry Harrison (07725-078)
FCI Ft. Dix : P.O. Box 2000
Ft. Dix, NJ 08640

June 5, 2004

Hon. Clerk, U.S. District Court
District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001

Re: Harrison v. USDOJ/BOP
    07-cv-1543 (PLF)
    Missing Declaration in Defendants' Pleadings;
    Need for Possible Extension of Time to Respond/Oppose.

Dear Sir/Madam:

On June 4, 2008, I received the Defendants', in the above-referenced cause[s] of action, Motion for Dismissal or Summary Judgment. After reading all documents therein, I discovered that an alleged Declaration of "Cox" was not among the paperwork.

I fully intend to respond to and oppose Defendants' motion[s]; however, I cannot adequately and appropriately respond thereto without the claimed Declaration of "Cox." I would therefore ask the Court to direct the Defendants' counsel to provide the claimed Declaration of Cox forthwith. Furthermore, there are serious problems with what Defendants are claiming is a "Vaughn" Index.

None of the documents made reference to in this index [sic] are attached for investigation and perusal. I have other serious problems with Defendants' representations; however, they will be more appropriately addressed once I receive the claimed Declaration of "Cox."

I would kindly ask the Court to hold all proceedings in abeyance until Defendants make available the "Cox" Declaration. I am sure I am going to need a further exetntion of time within which to respond due to Defendants' failure to provide a proper "Vaughn" Index and other documents, correspondence, and communications referred to in their pleadings. Thank you kindly.

William Henry Harrison

cc: U.S. Attorney
    District of Columbia