UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| WILLIAM HENRY HARRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Civil Action No. 07-1543 (PLF) |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

---

OPINION

This matter is before this Court once again.  First, the plaintiff has filed a motion

seeking reconsideration of a prior decision disposing of multiple claims.  Second, the Bureau of

Prisons ("BOP") has filed a renewed motion for summary judgment with respect to the three

FOIA claims left unresolved by the Court's earlier decision.  Because the BOP now has

demonstrated that it has complied fully with the requirements of the FOIA, its motion for

summary judgment on the three still-pending FOIA claims will be granted.  Because the

plaintiff's motion for reconsideration offers no basis for reconsideration, it will be denied.  A

final order will be entered, and the case will be terminated.


I.  BACKGROUND

The Court previously disposed of all claims pending before it except claims

brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), relating to three

specific requests made by the plaintiff.  *See Harrison v. Fed. Bur. of Prisons,* 611 F. Supp. 2d 54

(D.D.C. 2009).[1]   The unresolved matters were (1) whether the searches conducted by the BOP in

response to FOIA Requests # 07-7829, # 07-10206, and # 08-2180 were reasonable and

adequate; and (2) whether the exemption cited for withholding four pages responsive to FOIA

Request #07-10206 was adequately explained and justified.   *See id.* at 67, 68-69.   As to those

three FOIA requests only, the defendant was denied summary judgment without prejudice to

renew its motion.   *Id.* at 69.   All other claims were either dismissed or resolved by judgment for

the defendant.   *Id.*

      The plaintiff filed a motion for reconsideration under Rule 59(e) of the Federal

Rules of Civil Procedure, *see* Pl.'s Mot. for Recons., in which he asserts that in its prior decision

the Court relied on two errors of fact, *id.* at 1, and made an error of law in permitting the

defendant to file a renewed motion for summary judgment, *id.* at 5, 6.   In addition, the plaintiff

makes arguments relating to claims that are not on the record and not before the Court, *id.* at 2-5,

contends that he has "prevailed" on his claims and therefore is entitled to attorneys' fees and

costs, *id.* at 5-6, and argues that the agency sworn statement on segregable information is

impermissibly conclusory with respect to a certain March 14, 2006 telephone conversation

between the plaintiff and a third party.   *Id.* at 4.

      The defendant filed a renewed motion for summary judgment with additional

declarations on the three remaining claims.   In addition, upon receipt of a May 11, 2009 privacy

waiver by a third party, the defendant decided to release a copy of the March 14, 2006 telephone

conversation that the plaintiff had sought.   *See* Def.'s Opp'n to Pl.'s Mot. for Recons., Decl. of

---

[1]      This *pro se* action was initiated in February 2007, while the plaintiff was incarcerated.   He was released from prison on August 6, 2008.   A more extensive background to this litigation is provided in the Court's prior opinion and will not be repeated here.

Lynnell Cox. ¶¶ 6-7 (June 12, 2009).  The plaintiff opposes the motion for summary judgment

primarily by attempting to discredit the agency declarations as laced with falsehoods and

impossibilities, Pl.'s Opp'n ¶¶ 7-11, and by arguing that the "BOP made no further search, as

directed by the Court." *Id.* ¶ 11.  The plaintiff also argues that summary judgment should be

denied because his "questions" were not answered, *id.* ¶¶ 12, 15, and because other claims

remain pending.  *Id.* ¶ 5 ("Although the court granted summary judgment to Defendants on

[certain] FOIA request[s] . . . ,  the court never decided Harrison's Due Process and Equal

Protection violations claims with respect thereto.  Consequently, those claims are still very much

alive.").

## II.  DISCUSSION

### A.  *Defendant's Renewed Motion for Summary Judgment*

#### 1.  Summary Judgment Standard

Summary judgment is the procedural vehicle by which FOIA cases typically are

resolved.  *Reliant Energy Power Generation, Inc., v. FERC,* 520 F. Supp.2d 194, 200 (D.D.C.

2007).  At the time the defendant filed its renewed motion for summary judgment in this case, the

Federal Rules of Civil Procedure allowed a defendant to file such a motion "at any time."  *See*

Fed. R. Civ. P. 56(b) (effective until December 1, 2009).[2]  Rule 56 does not require that

discovery be either initiated or completed before a motion for summary judgment is made or

decided.  While in certain types of cases discovery assists in the resolution of motions for

---

[2]      The revised Rule 56, which took effect December 1, 2009, permits a party to file a
motion for summary judgment "at any time until 30 days after the close of all discovery."  Fed.
R. Civ. P. 56(c)(1)(A).

summary judgment, "[d]iscovery is not favored in lawsuits under the FOIA." *Judicial Watch, Inc. v. Dep't of Justice,* 185 F. Supp. 2d 54, 65 (D.D.C. 2002).

On a motion for summary judgment "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Burke v. Gould,* 286 F.3d 513, 517 (D.C. Cir. 2002). A material fact is one that is capable of affecting the outcome of the litigation. *Anderson v. Liberty Lobby,* 477 U.S. at 248. A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," *id.*, as opposed to evidence that "is so one-sided that one party must prevail as a matter of law." *Id.* at 252. In a FOIA suit, an agency is entitled to summary judgment once it bears its burden of demonstrating that no material facts are in dispute and that all information responsive to the request either has been produced, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. Dep't of Justice,* 627 F.2d 365, 368 (D.C. Cir. 1980).

A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant. *Id.* at 255. The nonmoving party, however, must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

Rather, the nonmovant must "come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 587 (citing Fed. R. Civ. P. 56(e)) (emphasis in original).  In the end, "the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

A court may award summary judgment to a FOIA defendant solely on the basis of information provided by an agency in sworn statements with reasonably specific detail that justify the nondisclosures, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.  *Larson v. Dep't of State,* 565 F.3d 857, 864-65 (D.C. Cir. 2009); *Miller v. Casey,* 730 F.2d 773, 776 (D.C. Cir. 1984); *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C. Cir.1981).  An agency's sworn statement is entitled to a presumption of good faith.  *SafeCard Servs., Inc. v. Sec. and Exchange Comm'n,* 926 F.2d 1197, 1200 (D.C. Cir. 1991).  Speculative claims about the existence and discoverability of documents is insufficient to rebut the presumption of good faith accorded agency affidavits.  *Flowers v. IRS,* 307 F. Supp. 2d 60, 67 (D.D.C. 2004).  To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with "specific facts" demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records.  *Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 142 (1989).

2.  Adequacy of BOP Searches and Description of Records Withheld

To establish that its search for responsive records was adequate, an agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army,* 920 F.2d 57, 68 (D.C. Cir. 1990).  A search need not be exhaustive, *Miller v United States Dep't of State,* 779 F.2d 1378, 1383 (8th Cir. 1985), and an agency's failure to find a particular document does not undermine the determination that the search was adequate. *Wilbur v. CIA,* 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine, Washington Bureau v. United States Customs Serv.,* 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).  The adequacy of a search is not determined by its results, but by the method of the search itself, *Weisberg v. Dep't of Justice,* 745 F.2d at 1485, and a court is guided in this determination by principles of reasonableness. *Oglesby v. Dep't of the Army,* 920 F.2d at 68.

In its prior ruling, the Court faulted the agency declaration for failing to describe in adequate detail the search undertaken to locate records responsive to FOIA Request # 07-10206, concerning tort claim MXR 2007-01871, which the plaintiff had filed against the United States for alleged misconduct by the BOP.  *Harrison v. Fed. Bur. of Prisons,* 611 F. Supp. 2d at 68.  The Court also found insufficient the agency's explanation for withholding four pages of records pursuant to FOIA exemption (b)(5).  *Id.* at 69.[3]  The defendant addressed these failings in the Supplemental Declaration of Vanessa Herbin-Smith.  *See* Def.'s Renewed Mot. for Summ.

---

[3]   The FOIA specifically excludes from its general disclosure requirement "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).

J., Suppl. Decl. of Vanessa Herbin-Smith (May 27, 2009).  Herbin-Smith describes in detailed,

non-conclusory terms the search conducted with respect to FOIA Request # 07-10206.  *Id.* ¶ 4.

She also explains that the four pages withheld in their entirety were "an investigation

memorandum by the Warden," that the investigation was conducted "in anticipation of

litigation," and that the memorandum was "provided to Regional Counsel in anticipation of

litigation."  *Id.* ¶ 6.  As the defendant claimed then and now, such a record is exempt under FOIA

exemption (b)(5).  *Id.; see also* [First] Decl. of Vanessa Herbin-Smith ¶ 8 (May 22, 2008) (citing

exemption (b)(5) "because the release of the information would tend to inhibit open and frank

communication between Bureau of Prisons employees").  Plaintiff objects that the defendant has

switched rationales for withholding these records.  Pl.'s Opp'n ¶ 14.  His objection fails to

appreciate that the attorney-client privilege exists to protect "open and frank communication"

between counsel and client, and that both counsel and client in this case are "Bureau of Prisons

employees."  In this context, the different phrasing in the two agency declarations is nothing

more than two ways of saying the same thing.[4]

        In its prior decision, the Court found that the agency declaration did not describe a

reasonable search for FOIA Request # 07-7829, which concerned the plaintiff's disability checks.

*Harrison v. Fed. Bur. of Prisons,* 611 F. Supp. 2d at 67.  To address this shortcoming, the

defendant submitted a new declaration from Thomas Diehl, the individual who had conducted

the search.  *See* Def.'s Renewed Mot. for Summ. J., Decl. of Thomas Diehl ("Diehl Decl.") ¶ 3

(May 29, 2009).  Diehl clarified that in July 2007 he had in fact conducted a search of the scope

---

        [4]        In any case, contrary to plaintiff's apparent understanding, *see* Pl.'s Opp'n ¶ 14,
the defendant is free to assert fewer, more, or different reasons for withholding information than
it asserted previously before this Court or in the administrative proceedings below.

required by the Court, that is, a search for "'any and all' documents . . . generated with respect to ' the three identified disability checks.'"  *Id.* ¶ 4 (quoting *Harrison v. Fed. Bur. of Prisons,* 611 F. Supp. 2d at 67).  Diehl describes where he searched and each step he took in searching for records responsive to the plaintiff's FOIA Request # 07-7829.  *Id.* ¶ 5.  Such descriptive detail satisfies the FOIA's requirements.  Plaintiff's contention that summary judgment should be denied because the "BOP made no further search, as directed by the Court," Pl.'s Opp'n ¶ 11, is based on a strained interpretation of the Court's directive, and is without merit.  Additional searching is not needed where, as here, the original search satisfied the Court's requirements, even if the original description of the search was inadequate .

The Court's prior opinion also found inadequate the defendant's description of the search related to FOIA Request # 08-2180, which concerned the cost of and profits from inmates' copy cards.  *Harrison v. Fed. Bur. of Prisons,* 611 F. Supp. 2d at 68.  To address this deficiency, Diehl explains in his declaration that he reviewed the pertinent BOP Program Statement 4500.05, which relates to "the authorization of a federal prison to make a profit from legal materials," and retrieved data regarding costs and profits from the Trust Fund Accounting and Commissary System, where such information is stored.  Diehl Decl. ¶ 8.  The plaintiff has not identified any specific fault with respect to the scope of the search for records responsive to this request.

The plaintiff attempts to neutralize the weight of the agency declarations submitted with the renewed dispositive motion by alleging agency bad faith.  Pl.'s Opp'n ¶ 7. This attempt fails, as a plaintiff's "speculative claims about the existence and discoverability of other documents" are not sufficient to establish agency bad faith.  *Ground Saucer Watch, Inc. v. CIA,* 692 F.2d 770, 771 (D.C. Cir. 1981); *Long v. Dep't of Justice,* 450 F. Supp. 2d 42, 54

(D.D.C. 2006); *Flowers v. IRS,* 307 F. Supp. 2d at 67.  Although plaintiff noted that the Diehl

declaration contained a factual error about the availability of a certain BOP Program Statement in

the prison library, this mistake was tangential, and was acknowledged and corrected with a

subsequent declaration.  *See* Def.'s Corrected Reply, Suppl. Decl. of Thomas Diehl, ¶¶ 4, 5

(Aug. 3, 2009).[5]  Plaintiff's position that "falso in unum is falso in omnibus" Pl.'s Opp'n ¶ 10, is

not a rule applicable here.  As the plaintiff has not offered specific information sufficient to

demonstrate bad faith on the part of the agency, the agency declarations are entitled to a

presumption of good faith.

### 3.  Plaintiff's Continuing Objections

Plaintiff objects that the responses to his FOIA requests did not include answers to

his questions.  Pl.'s Opp'n ¶¶ 12, 15.  As he has been informed previously, the FOIA does not

require an agency to answer questions or to do research.  *Harrison v. Fed. Bur. of Prisons,* 611 F.

Supp. 2d at 67 n.11 (stating that the FOIA "does not require an agency to provide an explanation

or to answer a requester's questions . . . .").  Therefore, these objections are without merit.

The plaintiff also objects to summary judgment on the grounds that other claims

are still pending and "still very much alive."  *See* Pl.'s Opp'n ¶¶ 4, 5 ("Although the Court

granted summary judgment on FOIA request #'s 06-5485, 06-7827, 07-7346, and 07-8547, the

court never decided Harrison's Due Process and Equal Protection violations claims with respect

thereto.").  Plaintiff's objection is based on a mistake of fact.  An examination of the three

pleadings the plaintiff filed with this Court establishes that this action did not include claims for

---

[5]     Indeed, that particular Program Statement was made available in the library upon
discovering through this litigation that it had not been available to the plaintiff.  *See id.* ¶ 5 n.1.

violations of due process and equal protection related to his FOIA claims.  *See* Compl. (Dkt. # 1); Amended Compl. (Dkt. # 9); Supplement to Compl. (Dkt. # 13).  Such claims were never before the Court in the first instance, and the defendant has never been on notice of them.  Therefore, they are not part of this case and pose no bar to summary judgment.  The unrelated due process claims that the plaintiff did raise already have been resolved against him.  *See Harrison v. Fed. Bur. of Prisons,* 611 F. Supp. 2d at 63.

Having determined that the plaintiff has not shown agency bad faith and that the declarations are sufficiently detailed and non-conclusory, the Court accords the agency affidavits a presumption of good faith.  *SafeCard Servs., Inc. v. Sec. and Exchange Comm'n,* 926 F.2d at 1200.  On the basis of the additional declarations submitted by the BOP with its renewed motion for summary judgment, and in the absence of any specific meritorious objection by the plaintiff, the Court determines that the BOP conducted reasonable and adequate searches in response to the plaintiff's FOIA Requests # 07-7829, # 07-10206, and # 08-2180.  Furthermore, the BOP now has demonstrated that it acted properly in citing exemption (b)(5) for withholding the Warden's investigation memorandum, a record responsive to FOIA Request # 07-10206.  Because the plaintiff has not raised a genuine issue of material fact and the BOP has shown that it is entitled to judgment as a matter of law,  judgment will be entered for the defendant on these three FOIA claims.

### B.  Plaintiff's Motion for Reconsideration

"'A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice.'" *Ciralsky v. CIA,* 355

F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir.

1996)).  Such motions "'are disfavored and relief from judgment is granted only when the

moving party establishes extraordinary circumstances.'" *Jung v. Assoc. of Am. Med. Colleges,*

226 F.R.D. 7, 8 (D.D.C. 2005) (quoting *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d

23, 28 (D.D.C. 2001)).  "Rule 59(e) motions may not be used to relitigate old matters, or to raise

arguments or present evidence that could have been raised prior to the entry of judgment." *Id.*

(internal quotation marks and citations omitted).  Judged by this standard, the plaintiff's motion

must be denied, because he has shown no prejudicial error and has used the motion improperly to

litigate matters belatedly or to raise matters that were not decided.

   Plaintiff alleges that permitting the defendant to renew its dispositive motion

constitutes legal error.  *See* Mot. for Recons. at 6 (stating that "it is error to permit" the

defendants "to correct their errors in two of these requests"); *id.* 5 ("They should not be given a

second bite at the apple to attempt to prove their entitlement to summary judgment.  This violates

my rights to a determination that Defendants failed to perform their duty under the FOIA.").

Plaintiff provides no legal support for his argument, and there is none.  Plaintiff's contention is

baseless and reflects a misunderstanding of the relief available under the FOIA.

   The plaintiff alleges that the Court erred in not perceiving that his amended

complaint "clearly brought the Department of Justice ["DOJ"] in as a defendant, along with the

Bureau of Prisons."  Pl.'s Mot. for Recons. at 1.  In fact, the Court had not noticed that the

plaintiff had, without discussion or explanation, changed the caption in the third pleading to

include the DOJ as a defendant.  *See* Suppl. to Compl. (Dkt. # 13).  Nonetheless, it makes

absolutely no difference to the outcome of this action whether or not the DOJ was named as a

defendant.  The plaintiff also asserts that the Court factually erred by overlooking allegations

made in paragraphs 5 and 6 of the original complaint.  *Id.*  An examination of the original

complaint filed shows, however, that it does not contain any paragraphs numbered 5 or 6.  Thus,

plaintiff has not alleged any prejudicial error in his motion for reconsideration.

       The remaining points plaintiff makes in his motion for reconsideration must be

dismissed, either because they are raised belatedly, *see Jung v. Assoc. of Am. Med. Colleges,* 226

F.R.D. at 8 ("Rule 59(e) motions may not be used to relitigate old matters or to raise arguments .

. . that could have been raised prior to the entry of judgment."), or are outside the scope of a

motion for reconsideration.  In either case, they are without merit.[6]

---

[6]    Belatedly, the plaintiff asserts that the agency declaration is impermissibly
conclusory on the issue of segregability with respect to his March 14, 2006 telephone
conversation with a third party.  This record was due to be released to plaintiff on June 17, 2009.
In a submission dated June 26, 2009, the plaintiff noted that he had not yet received the
recording.  Pl.'s Reply at 5, 6.  As this claim is not repeated in a subsequent submission dated
July 13, 2009, however, *see* Pl.'s Opp'n, the Court presumes that the recording was mailed as
planned and received in due course, and that the objection is now moot.  Also belatedly, the
plaintiff argues that the failure to produce a particular record in response to his FOIA Request
# 06-5485 is evidence of agency bad faith.  Pl.'s Mot. for Recons. at 2.  A plaintiff cannot
establish an agency's bad faith merely by noting that an expected record was not discovered in a
search responsive to a request.  "Agency affidavits are accorded a presumption of good faith,
which cannot be rebutted by 'purely speculative claims about the existence and discoverability of
other documents.'"  *SafeCard Servs., Inc. v. SEC,* 926 F.2d at 1200 (quoting *Ground Saucer
Watch, Inc. v. CIA,* 692 F.2d at 771).

    Plaintiff's claim to attorneys' fees is not appropriate in a motion for reconsideration, as
that matter has not been previously determined.  In any event, plaintiff is not entitled to
attorneys' fees because he did not prevail on any claim disposed of in the prior decision.  Rather,
the Court "issued an Order on March 31, 2009 granting defendant's [dispositive] motion in part
and denying it in part without prejudice."  *Harrison v. Fed. Bur. of Prisons,* 611 F. Supp. 2d at
69.  A denial of summary judgment without prejudice means only that the movant, in this case,
the Bureau of Prisons, has not prevailed; it does not mean that the non-movant has prevailed.  In
any case, a *pro se* plaintiff who is not an attorney is not eligible to recover attorneys fees even if

III.  CONCLUSION

Because the defendant has satisfied the requirements of the FOIA and the plaintiff
has not raised any meritorious objections or identified any genuine issue of material fact, the
defendant is entitled to summary judgment on the FOIA claims relating to plaintiff's FOIA
Requests #07-7829,  #07-10206, and #08-2180.  Because the plaintiff's motion for
reconsideration offers no basis for reconsideration, it will be denied.  In conjunction with the
Court's prior Order issued March 31, 2009, all claims put before the Court have now either been
dismissed or resolved by judgment for the defendant.  A separate, final Order accompanies this
Opinion.


                                                    /s/ _____
                                                    PAUL L. FRIEDMAN
DATE:  February 3, 2010                             United States District Judge


_____

he or she does ultimately prevail, *Benavides v. Bur. of Prisons,* 993 F.2d 257, 258-59 (D.C. Cir.
1993), and the award of other litigation costs is permissible, not mandatory.  *See* 5 U.S.C.
§ 552(a)(4)(E).  Finally, plaintiff's arguments regarding due process and equal protection claims
related to his FOIA requests, *see* Pl.'s Mot. for Recons. at 4-7, are also not appropriate here, as
those claims are not part of this action.  Accordingly, they are not considered.